**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| PURDUE PHARMA L.P. and PURDUE PHARMACEUTICALS L.P., | ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No. _____ |
| v. | ) ) ) | |
| PAR PHARMACEUTICAL, INC., | ) ) | |
| Defendant. | ) | September 21, 2017 |

## COMPLAINT

Plaintiffs, Purdue Pharma L.P. and Purdue Pharmaceuticals L.P. (collectively, "Plaintiffs"), for their Complaint against Par Pharmaceutical, Inc. ("Par"), aver as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, for Par's infringement of United States Patent Nos. 9,492,389 ("'389 patent"); 9,492,391 ("'391 patent"); 9,492,392 ("'392 patent"); and 9,492,393 ("'393 patent") (collectively, "patents-in-suit").

2.      This action relates to Par's Abbreviated New Drug Application ("ANDA") No. 202434 (including any supplements and amendments thereto) ["Par's ANDA"], submitted upon information and belief in the name of Par to the United States Food and Drug Administration ("FDA").

3.      Plaintiffs seek judgment that Par has infringed the patents-in-suit, which are listed in the FDA *Approved Drug Products With Therapeutic Equivalence Evaluations* ("Orange Book") as covering Plaintiffs' OxyContin® (oxycodone hydrochloride) ("OxyContin®") extended-release pain medication.  Par has infringed the patents-in-suit under 35 U.S.C. § 271(e)(2)(A) by filing Par's ANDA.  Par's ANDA seeks approval to market a generic version of Plaintiffs'

- 1 -

OxyContin®, which is the subject of approved NDA No. 022272, in the 10 mg, 15 mg, 20 mg, 30 mg, 40 mg, 60 mg and 80 mg dosage strengths ("Par's ANDA Products"). Par's marketing of Par's ANDA Products would infringe the patents-in-suit under 35 U.S.C. § 271(a)-(c).

## THE PARTIES

4.     Plaintiff Purdue Pharma L.P. ("Purdue Pharma") is a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901-3431. Purdue Pharma is an owner of the patents-in-suit. Purdue Pharma is also the holder of approved NDA No. 022272 for OxyContin®, indicated for pain severe enough to require daily, around-the-clock, long-term opioid treatment and for which alternative treatment options are inadequate. Purdue Pharma sells OxyContin® in the United States.

5.     Plaintiff Purdue Pharmaceuticals L.P. ("Purdue Pharmaceuticals") is a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at 4701 Purdue Drive, Wilson, NC 27893. Purdue Pharmaceuticals is an owner of the patents-in-suit.

6.     On information and belief, Defendant Par is a corporation organized and existing under the laws of the State of New York with its headquarters in Chestnut Ridge, New York. On information and belief, Par has a regular and established place of business within this judicial district in Stratford, Connecticut, where it manufactures and distributes pharmaceutical products.

## JURISDICTION AND VENUE

7.     This action arises under the patent laws of the United States, including 35 U.S.C. § 271 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1338(a).

9.      On information and belief, this Court has personal jurisdiction over Par by virtue of, *inter alia,* Par's place of business in this judicial district and Par's systematic and continuous activities in this judicial district, including but not limited to the development and/or manufacture of generic drug products in this judicial district and for sale to residents of this judicial district.

10.      On information and belief, Par is in the business of formulating, manufacturing, and commercializing pharmaceutical products.

11.      On information and belief, Par develops generic drug products for sale and use throughout the United States, including within this judicial district.

12.      On information and belief, Par seeks approval from the FDA to sell Par's ANDA Products throughout the United States and in this judicial district.

13.      On information and belief, if Par's ANDA is approved, Par's ANDA Products would, among other things, be marketed and distributed in this judicial district, and/or prescribed by physicians practicing and dispensed by pharmacies located within this judicial district, all of which would have a substantial effect on this judicial district.

14.      On information and belief, Par maintains a manufacturing and distribution facility at 555 Lordship Boulevard, Stratford, Connecticut 06615, which is a regular and established place of business in this judicial district.

15.      On information and belief, Par is registered with the Connecticut Department of Consumer Protection as a Manufacturer of Drugs, Cosmetics & Medical Devices; an Out of State Manufacturer of Drugs, Cosmetics & Medical Devices; and a Wholesaler of Drugs, Cosmetics & Medical Devices.

16.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Par has committed acts of infringement in this judicial district and has a regular and established place of business in this judicial district.

## THE PATENTS-IN-SUIT

### THE '389 PATENT

17.     Plaintiffs are the lawful owners of all right, title, and interest in the '389 patent, titled "TAMPER RESISTANT DOSAGE FORMS," including the right to sue and to recover for past infringement thereof.  The '389 patent is listed in the Orange Book as covering OxyContin®, which is the subject of approved NDA No. 022272.  A copy of the '389 patent is attached hereto as Exhibit A, which was duly and legally issued on November 15, 2016, naming William H. McKenna, Richard O. Mannion, Edward P. O'Donnell, and Haiyong H. Huang as the inventors.

### THE '391 PATENT

18.     Plaintiffs are the lawful owners of all right, title, and interest in the '391 patent, titled "TAMPER RESISTANT DOSAGE FORMS," including the right to sue and to recover for past infringement thereof.  The '391 patent is listed in the Orange Book as covering OxyContin®, which is the subject of approved NDA No. 022272.  A copy of the '391 patent is attached hereto as Exhibit B, which was duly and legally issued on November 15, 2016, naming William H. McKenna, Richard O. Mannion, Edward P. O'Donnell, and Haiyong H. Huang as the inventors.

### THE '392 PATENT

19.     Plaintiffs are the lawful owners of all right, title, and interest in the '392 patent, titled "TAMPER RESISTANT DOSAGE FORMS," including the right to sue and to recover for past infringement thereof.  The '392 patent is listed in the Orange Book as covering

OxyContin®, which is the subject of approved NDA No. 022272.  A copy of the '392 patent is attached hereto as Exhibit C, which was duly and legally issued on November 15, 2016, naming William H. McKenna, Richard O. Mannion, Edward P. O'Donnell, and Haiyong H. Huang as the inventors.

**THE '393 PATENT**

20.    Plaintiffs are the lawful owners of all right, title, and interest in the '393 patent, titled "TAMPER RESISTANT DOSAGE FORMS," including the right to sue and to recover for past infringement thereof.  The '393 patent is listed in the Orange Book as covering OxyContin®, which is the subject of approved NDA No. 022272.  A copy of the '393 patent is attached hereto as Exhibit D, which was duly and legally issued on November 15, 2016, naming William H. McKenna, Richard O. Mannion, Edward P. O'Donnell, and Haiyong H. Huang as the inventors.

<strong>PAR'S ANDA</strong>

21.    On information and belief, on or before August 4, 2017, Par filed an amendment to Par's ANDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, or sale of Par's ANDA Products, generic products based on the Reference Listed Drug OxyContin®, which is the subject of approved NDA No. 022272.

22.    On information and belief, Par submitted in the ANDA amendment a new Paragraph IV certification alleging that the patents-in-suit, listed in the FDA's Orange Book as covering OxyContin®, which is the subject of approved NDA No. 022272, are "invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, or sale of" Par's ANDA Products.

23.     In a letter dated August 4, 2017, addressed to Plaintiffs (and others) and received by Plaintiffs on August 7, 2017, Par provided what purports to be a "Notice of Paragraph IV Certification" with respect to Par's ANDA Products and the patents-in-suit, under § 505(j) of the Federal Food, Drug, and Cosmetic Act.

24.     Plaintiffs commenced this action within the 45-day period after receiving the Notice Letter as described in 21 U.S.C. § 355(j)(5)(B)(iii).

## FIRST CLAIM FOR RELIEF
### (PATENT INFRINGEMENT OF U.S. PATENT NO. 9,492,389)

25.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 24 above as though fully restated herein.

26.     Pursuant to 35 U.S.C. § 271(e)(2), Par's submission of Par's ANDA to the FDA seeking approval of Par's ANDA Products was an act of infringement of the '389 patent by Par.

27.     Par's ANDA Products, or the use or manufacture thereof, are covered by one or more claims of the '389 patent, including but not limited to independent claim 1, which recites *inter alia*, a cured shaped pharmaceutical tablet comprising at least a first compression shaped and then air cured matrix, wherein said curing is without compression, by heated air having a temperature of at least about 62° C for a duration of at least about 5 minutes, said matrix comprising oxycodone or a pharmaceutically acceptable salt thereof in combination with at least one high molecular weight polyethylene oxide having an approximate molecular weight selected from the group consisting of 4,000,000, 7,000,000, and a combination thereof, and various claims dependent therefrom.

28.     If approved by the FDA, Par's commercial manufacture, use, importation, sale, and/or offer for sale of Par's ANDA Products will infringe, contribute to the infringement of,

and/or induce the infringement of one or more claims of the '389 patent under 35 U.S.C. § 271(a)-(c).

29.    Par's ANDA Products constitute a material part of the inventions covered by the claims of the '389 patent.

30.    Upon information and belief, Par has been aware of the existence of the '389 patent, and has no reasonable basis for believing that Par's ANDA Products will not infringe the '389 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

31.    Unless Par is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Par's infringement of the '389 patent.  Plaintiffs do not have an adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (PATENT INFRINGEMENT OF U.S. PATENT NO. 9,492,391)

32.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 31 above as though fully restated herein.

33.    Pursuant to 35 U.S.C. § 271(e)(2), Par's submission of Par's ANDA to the FDA seeking approval of Par's ANDA Products was an act of infringement of the '391 patent by Par.

34.    Par's ANDA Products, or the use thereof, are covered by one or more claims of the '391 patent, including but not limited to independent claim 1, which recites *inter alia*, a method of treating pain comprising administering to a patient in need thereof a pharmaceutical tablet comprising at least a first compression shaped and then air cured matrix, wherein said curing is without compression by heated air having a temperature of at least about 62° C for a duration of at least about 5 minutes, said matrix comprising oxycodone or a pharmaceutically acceptable salt thereof in combination with at least one high molecular weight

polyethylene oxide having, based on rheological measurements, an approximate molecular weight selected from the group consisting of 4,000,000, 7,000,000, and a combination thereof, and various claims dependent therefrom.

35.   If approved by the FDA, Par's commercial manufacture, use, importation, sale, and/or offer for sale of Par's ANDA Products will infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '391 patent under 35 U.S.C. § 271(a)-(c).

36.   The administration of Par's ANDA Products by healthcare providers and patients for the treatment of pain will directly infringe one or more claims of the '391 patent.

37.   Par's ANDA Products constitute a material part of the inventions covered by the claims of the '391 patent.

38.   On information and belief, Par knows that Par's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '391 patent.

39.   On information and belief, Par has had and continues to have knowledge that there is no substantial non-infringing use for Par's ANDA Products.

40.   If approved by the FDA, Par will actively induce others, including, e.g., healthcare providers and patients, to infringe directly one or more claims of the '391 patent.  Since at least August 4, 2017, Par has had knowledge of the '391 patent.  Since at least August 4, 2017, Par has acted with knowledge, or at least willful blindness, of the fact that the induced acts would constitute infringement of the '391 patent.

41.   Par intends to cause direct infringement by others, e.g., healthcare providers and patients.

42.     If approved by the FDA, Par will take affirmative steps to induce infringement by, among other things, instructing healthcare providers and patients through Par's proposed label to use Par's ANDA Products in a manner that directly infringes one or more claims of the '391 patent.  Thus, Par will aid, abet, urge, or encourage others, e.g., healthcare providers and patients, to infringe directly one or more claims of the '391 patent, and Par will affirmatively and specifically intend to cause direct infringement.

43.     Upon information and belief, Par has been aware of the existence of the '391 patent, and has no reasonable basis for believing that Par's ANDA Products will not infringe the '391 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

44.     Unless Par is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Par's infringement of the '391 patent.  Plaintiffs do not have an adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (PATENT INFRINGEMENT OF U.S. PATENT NO. 9,492,392)

45.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 44 above as though fully restated herein.

46.     Pursuant to 35 U.S.C. § 271(e)(2), Par's submission of Par's ANDA to the FDA seeking approval of Par's ANDA Products was an act of infringement of the '392 patent by Par.

47.     Par's ANDA Products, or the use thereof, are covered by one or more claims of the '392 patent, including but not limited to independent claim 1, which recites *inter alia*, a cured shaped pharmaceutical tablet comprising at least a first compression shaped and then air cured matrix, wherein said curing is without compression, by heated air having a temperature of at least about 62° C for a duration of at least about 5 minutes, said matrix comprising oxycodone

or a pharmaceutically acceptable salt thereof in combination with at least one high molecular weight polyethylene oxide having an approximate molecular weight selected from the group consisting of 4,000,000, 7,000,000, and a combination thereof, and various claims dependent therefrom.

48.     If approved by the FDA, Par's commercial manufacture, use, importation, sale, and/or offer for sale of Par's ANDA Products will infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '392 patent under 35 U.S.C. § 271(a)-(c).

49.     Par's ANDA Products constitute a material part of the inventions covered by the claims of the '392 patent.

50.     Upon information and belief, Par has been aware of the existence of the '392 patent, and has no reasonable basis for believing that Par's ANDA Products will not infringe the '392 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

51.     Unless Par is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Par's infringement of the '392 patent.  Plaintiffs do not have an adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (PATENT INFRINGEMENT OF U.S. PATENT NO. 9,492,393)

52.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 51 above as though fully restated herein.

53.     Pursuant to 35 U.S.C. § 271(e)(2), Par's submission of Par's ANDA to the FDA seeking approval of Par's ANDA Products was an act of infringement of the '393 patent by Par.

54.     Par's ANDA Products, or the use thereof, are covered by one or more claims

of the '393 patent, including but not limited to independent claim 1, which recites *inter alia*, a method of treating pain comprising administering to a patient in need thereof a pharmaceutical tablet comprising at least a first compression shaped and then air cured matrix, wherein said curing is without compression by heated air having a temperature of at least about 62° C for a duration of at least about 5 minutes, said matrix comprising oxycodone or a pharmaceutically acceptable salt thereof in combination with at least one high molecular weight polyethylene oxide having, based on rheological measurements, an approximate molecular weight selected from the group consisting of 4,000,000, 7,000,000, and a combination thereof, and various claims dependent therefrom.

55.     If approved by the FDA, Par's commercial manufacture, use, importation, sale, and/or offer for sale of Par's ANDA Products will infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '393 patent under 35 U.S.C. § 271(a)-(c).

56.     The administration of Par's ANDA Products by healthcare providers and patients for the treatment of pain will directly infringe one or more claims of the '393 patent.

57.     Par's ANDA Products constitute a material part of the inventions covered by the claims of the '393 patent.

58.     On information and belief, Par knows that Par's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '393 patent.

59.     On information and belief, Par has had and continues to have knowledge that there is no substantial non-infringing use for Par's ANDA Products.

60.     If approved by the FDA, Par will actively induce others, including, e.g., healthcare providers and patients, to infringe directly one or more claims of the '393 patent.  Since

at least August 4, 2017, Par has had knowledge of the '393 patent. Since at least August 4, 2017, Par has acted with knowledge, or at least willful blindness, of the fact that the induced acts would constitute infringement of the '393 patent.

61. Par intends to cause direct infringement by others, e.g., healthcare providers and patients.

62. If approved by the FDA, Par will take affirmative steps to induce infringement by, among other things, instructing healthcare providers and patients through Par's proposed label to use Par's ANDA Products in a manner that directly infringes one or more claims of the '393 patent. Thus, Par will aid, abet, urge, or encourage others, e.g., healthcare providers and patients, to infringe directly one or more claims of the '393 patent, and Par will affirmatively and specifically intend to cause direct infringement.

63. Upon information and belief, Par has been aware of the existence of the '393 patent, and has no reasonable basis for believing that Par's ANDA Products will not infringe the '393 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

64. Unless Par is enjoined by the Court, Plaintiffs will be substantially and irreparably harmed by Par's infringement of the '393 patent. Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. Adjudging that Par has infringed one or more claims of each of the '389, '391, '392, and '393 patents, and that the commercial sale, offer for sale, use, importation, and/or manufacture of Par's ANDA Products would infringe, induce infringement of, and/or contribute to the infringement of one or more claims of each of the '389, '391, '392, and '393 patents;

B.      Adjudging, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Par's ANDA and Par's ANDA Products, under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)), to be a date not earlier than the last date of expiration of the '389, '391, '392, and '393 patents, plus any additional periods of extension or exclusivity attached thereto;

C.      Preliminarily and permanently enjoining, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Rule 65, Fed. R. Civ. P., Par, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities, and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from any commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any drug product that is the subject of Par's ANDA, including Par's ANDA Products, or any other drug product that infringes the '389, '391, '392, and '393 patents;

D.      Declaring this an exceptional case and awarding Plaintiffs their attorneys' fees and costs, as provided by 35 U.S.C. §§ 271(e)(4) and 285; and

E.      Awarding Plaintiffs such other and further relief as this Court may deem

just and proper.

WIGGIN AND DANA LLP

By:/s/  Kevin M. Smith
Kevin M. Smith (ct24774)
James I. Glasser (ct07221)
One Century Tower
P.O. Box 1832
OF COUNSEL:                      New Haven, Connecticut  06508-1832
Phone: (203) 498-4400
John J. Normile                  Fax:    (203) 782-2889
Pablo D. Hendler                 E-mail: ksmith@wiggin.com
Gasper LaRosa                            jglasser@wiggin.com
Kenneth S. Canfield
JONES DAY                        *Attorneys for Plaintiffs*
250 Vesey Street
New York, NY 10281
(212) 326-3939

Jason G. Winchester
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601


September 21, 2017